IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: _____

NICHOLAS KNOPICK,

    Plaintiff,

v.

JAYCO, INC.,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

The Petitioner/Defendant, Jayco, Inc. (hereafter "Jayco"), removes this action from the Circuit Court in and for Palm Beach County, Florida, under 28 U.S.C.A. §1441, *et seq.* In support, Defendant Jayco states:

1.    On or about July 29, 2015, Plaintiff filed a Complaint against Defendant Jayco, Inc. in the Circuit Court in and for Palm Beach County, Florida, Case No.: 2015-CA-8626, seeking damages and other relief allegedly arising out of the purchase, use, and ownership of a 2013 Entegra Cornerstone motor home/RV, hereafter "the Subject RV." (See, Complaint).

2.    On September 16, 2015, Defendant Jayco was served with the Complaint. This Notice Of Removal is timely filed within thirty (30) days thereafter.

3.    Count II of the Complaint is pled as a claim arising under a law of the United States, the federal Magnuson Moss Warranty Act, 15 U.S.C. § 2301 et. seq. ("Mag Moss Act")[1].

---

[1] Counts I and II both seek recovery of Plaintiff's attorneys fees pursuant to the federal Magnuson Moss Warranty Act, Section "15 U.S.C. 2310." See, Complaint, Para. 19b and 27b.

1

Accordingly, this United States District Court has original jurisdiction of this claim, and removal of it is proper pursuant to 15 U.S.C. § 1441(b). See, Neill v. Gulf Stream Coach, Inc., 966 F. Supp. 1149 (M.D. Fla. 1997).

4. As to federal question jurisdiction under 15 U.S.C. § 1441, the district courts are vested with original jurisdiction over actions brought under the Mag Moss Act where "the amount in controversy is [not] less than the sum or value of $50,000.00 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit...". 15 U.S.C. § 2310(d)(1) & (3).

5. The amount in controversy in this action exceeds the requisite $50,000.00 threshold for federal question subject matter jurisdiction in this court. Attached as Exhibit "A" to the Complaint is what Plaintiff alleges is a copy of his retail Purchase Contract, which lists the purchase price of the subject RV as "$ 314,583.00."

6. Prior to commencing this lawsuit, through his own pre-suit correspondence to Defendant at its corporate address in Indiana, Plaintiff demands "...a full buyback of my Entegra Cornerstone..." and "...a full refund on the purchase of this coach..." which Exhibit "A" to his Complaint reveals was $ 314,583.00. See, Plaintiff's litigation theat letter to Defendant, attached as Exhibit "B." Consequently, based on Plaintiff's "refund" demand, the amount in controversy in this action exceeds the requisite $50,000.00 threshold for federal question subject matter jurisdiction in this court.

7. Additionally, pursuant to 28 U.S.C. 1332, removal is also appropriate because, as set forth in the Complaint, there is complete diversity of citizenship between Plaintiff and Defendant.

8. More specifically, Exhibit "A" appended to Plaintiff's Complaint reveals he is a citizen of the State of Arkansas, with a listed address at 308 Canyon Drive, Mountain Home,

Arkansas, 72653. Defendant Jayco, Inc., correctly alleged in Paragraph 3 of the Complaint to be a "foreign corporation," is indeed a Indiana corporation with its principal place of business in the State of Indiana. And as set forth above, the amount in controversy in this action meets and exceeds the $ 75,000.00 requisite amount for diversity subject jurisdiction in this court.

9. Pursuant to 28 U.S.C. §§ 1367 & 1441©, this Court has supplemental jurisdiction over any other claims asserted in the Complaint.

10. Defendant has timely removed this action pursuant to 28 U.S.C.A. §1446(b) and Fed. R. Civ. P. 81© by filing this Notice Of Removal, so as not to waive its right to remove this action to federal court.

11. Defendant has contemporaneously served the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, with a true and correct copy of the Notice Of Removal, pursuant to 28 U.S.C.A. §1446(b).

12. Removal is being filed in the West Palm Beach Division, of the United States District Court for the Southern District of Florida because West Palm Beach, Florida where this action was originally filed, is within this Southern District.

13. As of this date, there are no pending motions which may require action by this Court. A true and legible copy evidencing all process, pleadings, orders, and other papers or exhibits of every other kind, including depositions, on file in the State Court action have been attached as Exhibit "C".

14. The allegations set forth in this Notice Of Removal are true and correct to the best of the knowledge and belief of the undersigned attorney, and have been made after reasonable inquiry.

15. The undersigned counsel is an attorney of record for Defendant Jayco and has been specifically authorized to act on its behalf in removing this case to the United States District Court, Southern District of Florida, West Palm Beach Division. Further, the undersigned counsel is a duly licensed attorney in the State of Florida, and is authorized to practice in the United States District Court, Southern District of Florida.

WHEREFORE, the Petitioner/Defendant Jayco, Inc., hereby files this notice of removal and petitions this Court for the entry of an order removing this cause from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, West Palm Beach Division, and which further enjoins prosecution by the Respondents/Plaintiff, Nicholas Knopick, in the Circuit Court proceedings below, and which further directs that the State Court action shall proceed no further.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following and via U.S. Mail to: Patrick S. Cousins, Esq., Cousins Law, APA, 319 Clematis Street, Suite 701, West Palm Beach, FL 33401 cuzlaw@yourlemon.com.

W. SCOTT POWELL, ESQUIRE
Florida Bar Number: 798886
POWELL LAW, LLP
399 Carolina Avenue, Suite 100
Winter Park, FL 32789
(407) 647-5551
(407) 647-5553
Attorney for Defendant
Spowell@powell-law.net

4