IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION, FLORIDA

NICHOLAS KNOPICK,

       Plaintiff,

vs.                             CASE NO.: 9:15-CV-81363

JAYCO, INC.,

       Defendant.
_____/

**COUSINS' SUPPLEMENT TO HIS MOTION TO WITHDRAW**

    COMES NOW, COUSINS LAW, APA and Patrick S. Cousins ("Cousins"), and moves this Honorable Court to grant his motion to withdraw as counsel of record. As additional grounds to Cousins' initial motion filed with this court on February 18, 2016, the undersigned states the following:

1. Since Cousins' filed its motion to withdraw on February 18, 2016, the Plaintiff has become even more recalcitrant. For example, Cousins requested Plaintiff to provide Cousins with the date for Plaintiff's orthopedic surgery so that Cousins could place the date in Plaintiff's motion for extension of time to respond to the court's February 4, 2016 order regarding tax returns. Plaintiff did not provide Cousins with the date for his surgery until minutes before Plaintiff went into surgery on February 24, 2016. Plaintiff advised Cousins that Plaintiff would not be available for some time after surgery and that Cousins needs to protect Plaintiff's interest in the case during that time. Now Cousins is left with the task of

responding to discovery and potentially dispositive motions without Plaintiff's assistance.

2. Jayco disclosed their experts on February 12, 2016. Cousins forwarded the expert reports immediately to Plaintiff and advised Plaintiff that Plaintiff had to pay for Jayco's experts' deposition time. Cousins pointed Plaintiff to the terms of the agreement between Plaintiff and Cousins which requires Plaintiff to pay the costs and expenses of Plaintiff's litigation. Notwithstanding the agreement, Plaintiff refuses to pay Jayco's experts so Cousins can set their depositions. As such, Cousins cannot set Jayco's experts depositions while the time for discovery is ticking away.

3. Cousins cannot properly represent Plaintiff when Plaintiff demands that Cousins protect Plaintiff's interests in the litigation while Plaintiff continues to not cooperate with Cousins.

4. Plaintiff has placed a time burden on Cousins by failing to provide Cousins timely responses to defendant's discovery requests. Plaintiff also fails to provide Cousins with vital information needed to prosecute Plaintiff's case. As such, Cousins has to file motions to request additional time to respond to motions and requests or otherwise respond incompletely.

5. Plaintiff has placed a financial burden on Cousins by failing to honor the contractual agreement Plaintiff signed which requires Plaintiff to provide Cousins the financial resources necessary to represent Plaintiff properly. Plaintiff's actions have tied up Cousins' time making it very difficult for Cousins, a solo practitioner, to make a living.

WHEREFORE, COUSINS LAW, APA and Patrick S. Cousins requests this Court to quickly enter an order relieving COUSINS LAW, APA and Patrick S. Cousins of any further responsibility of representing the Plaintiff in the above referenced matter, and allow Plaintiff a 60-day stay from any further filings to secure other counsel because Plaintiff advised Cousins on February 24, 2016 that he had surgery on February 24, 2016.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Cousins' Motion to Withdraw was furnished e service to the parties and via e-service, email, and US mail to Plaintiff this **February 25, 2016**, to:

Via Certified Mail return receipt requested
Mr. Nicholas Knopick
P.O. Box 122
Midway Arkansas 72651
Nicodemus007@centurytel.net

W. Scott Powell, Powell Law, LLP, 399 Carolina Avenue, Suite 100, Winter Park, FL 32789; Via email: spowell@powell-law.net

Patrick S. Cousins, Esquire
COUSINS LAW, APA
319 Clematis Street, Suite 701
West Palm Beach, FL  33401
(561) 835-1727
(561) 835-0766 (FAX)

BY: _____
Patrick S. Cousins
Florida Bar #845469
13-02054