UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 15-cv-81363-MIDDLEBROOKS

NICHOLAS KNOPICK,

    Plaintiff,

v.

JAYCO, INC.,

    Defendant.

_____/

## ORDER ON PLAINTIFF COUNSEL'S MOTION TO WITHDRAW

THIS CAUSE comes before the Court on Plaintiff Counsel's ("Cousins") Motion to Withdraw ("Motion to Withdraw") (DE 35), Supplement to the Motion to Withdraw (DE 39), and Motion to Expedite the Motion to Withdraw (DE 42). The Motion to Withdraw complies with Local Rule 11.1. Moreover, Cousins articulates valid reasons for seeking withdrawal. In his Motion to Withdraw, Cousins contends that Plaintiff "insists on following his own judgment in responding to matters in this case even when it is adverse to Cousins' professional advice and adverse to Plaintiff's best interest" (DE 35 at 1). *See also* Florida State Bar Rule 4-1.16(b) ("[A] lawyer may withdraw . . . if . . . the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement").[1] Cousins also notes that Plaintiff has become more "recalcitrant," stating:

> Cousins requested Plaintiff to provide . . . the date for Plaintiff's orthopedic surgery so that Cousins could place the date in Plaintiff's motion for extension of time to respond to the [C]ourt's February 4, 2016 order regarding tax returns. Plaintiff did not provide Cousins with the date for his surgery until minutes before Plaintiff went into surgery on February 24, 2016.

(DE 39 at 1). Finally, Cousins contends that—contrary to Cousins' retention agreement with Plaintiff—Plaintiff has recently refused to pay for expert deposition time. (*Id.* at 2). Thus, it appears Cousins' withdrawal is appropriate under the circumstances.

---

[1] The Florida Bar Rules govern the process of withdrawal in this Court. *See* Fla. Local Rule 11.1(c) ("The standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating the Florida Bar.").

However, it appears Plaintiff recently underwent surgery and may need time to find new counsel or to decide to proceed *pro se*. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Court intends to grant the Motion to Withdraw on April 18, 2016. This time will allow Plaintiff to obtain substitute counsel, who must file a notice of appearance by April 18, 2016. Plaintiff may also respond to the Motion to Withdraw by that same date.

2. This case is **STAYED** until the earlier of either April 18, 2016, or the time that new counsel enters an appearance on behalf of Plaintiff.

3. If substitute counsel for Plaintiff appears, the Parties shall confer and file a joint status report within 5 days of that appearance. The joint status report shall indicate whether any pending motions have been resolved and include a proposed amended scheduling order in light of the stay.

4. If substitute counsel does not appear, Plaintiff shall file notice with the Court indicating his intention to proceed with the case *pro se*. **Failure to do so will result in dismissal** of the case for lack of prosecution.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 17 day of March, 2016.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:  Counsel of Record